IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

XIA BI, *et al.*,

    Plaintiffs,

v.     Civil Action No. 1:17-cv-01459

TERRY MCAULIFFE, *et al.*,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Terry McAuliffe and Defendant Anthony Rodhams' Motions to Dismiss Plaintiff's First Amended Complaint.

On December 22, 2017, Defendants removed this action from Fairfax County Circuit Court to this Court based on federal question and supplemental jurisdiction. Plaintiffs Original Complaint contained eleven counts against Defendants. On April 11, 2018 Plaintiffs filed an amended complaint with nine counts including eight of the original counts and one new count for negligence. The claims include: Fraud in the Inducement (count 1); Fraud (count 2); Federal Securities Fraud (count 3); Breach of Fiduciary Duty (count 4); Accounting (count 5); Aiding and

Abetting Breach of Fiduciary Duty (count 6); Conspiracy to Commit Fraud and Breach Fiduciary Duties (count 7); Unjust Enrichment (count 8); and Negligence (count 9). Only counts one, two, three, and seven (7) are alleged against Defendant McAuliffe. All counts are alleged against Defendant Rodham.

The Court finds that Plaintiffs fail to state a claim for which relief may be granted on all counts. For the claims of fraud and fraud in the inducement (counts 1-2), Plaintiffs fail to plead with particularity. Federal Rule of Civil Procedure 9(b) requires a heightened pleading standard of particularity for claims of fraud. To meet the FRCP 9(b) particularity standard, the complaint must (1) identify the fraudulent statements which were made and the documents or oral representations containing them, (2) the time and place of each statement and the person responsible for making (or not making – in the case of omissions) the same, and (3) the content of such statements, the manner in which they misled the plaintiff, and the manner in which plaintiff relied on the statements. U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008).

Here, Plaintiffs in their Amended Complaint still fail to identify the facts needed to adequately plead claims of fraud and fraud in the inducement with particularity. Plaintiffs do not state which of the named Plaintiffs claims to have relied on

each statement, or where or how any specific Plaintiff heard or learned of the alleged statements.

The only specific allegation against Mr. Rodham is that he allegedly stated, in April 2011, to investors at a public forum in Beijing that Greentech was attractive to Gulf Coast because foreign investment constituted just 7.8% of the total investment, when in fact EB-5 investment was allegedly the majority of the funds raised. Plaintiffs do not allege with particularity why this statement by Mr. Rodham was known by him at the time to be false. Plaintiffs also do not allege how such a statement was material to the Plaintiffs' investment decision, considering that the Plaintiffs contend they invested based on their belief that their investment was "guaranteed" and would result in the granting of their EB-5 petitions.

Similarly, for Mr. McAuliffe Plaintiffs fail to allege any specific facts demonstrating their reliance on his alleged statements. At least two of the alleged misrepresentations by Mr. McAuliffe are either non-actionable puffery or forward-looking statements that fail to misrepresent "present pre-existing facts." Abi-Najm v. Concord Condo., LLC, 280 Va. 350, 362 (Va. 2010). These alleged statements are unfulfilled promises or statements as to future events that do not amount to fraud.

"It is not enough for a plaintiff in a fraud action to show that it acted to its detriment in response to the defendant's false representation or concealment of a material fact." Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 629 (4th Cir. 1999). Rather, to state a claim for fraud, "a plaintiff must demonstrate that its reliance upon the representation was reasonable and justified." Id. Reasonable reliance, in turn, requires a reasonable investigation. The Plaintiffs claim that they invested in the Limited Partnership interests in reliance upon certain statements made to them by Defendants in oral presentations and in written statements contained in newsletters, websites, and social media, but they did not read the English-language private placement memorandum, subscription agreement, partnership agreement, power of attorney, or related formal documents presented to them before they invested.

It was unreasonable for Plaintiffs not to have translated or read the key documents that set forth the terms of their investments, and instead to rely upon contradictory oral representations, informal newsletters, and statements contained on websites and social media.

Plaintiffs' federal securities fraud claim (count 3) fails because they are legally foreclosed by the PSLRA from raising a Rule 10b-5 claim in their Amended Complaint. Specifically, the

PSLRA, prohibits the amendment of complaints. Smith v. Circuit City Stores, Inc., 286, F.Supp.2d 707, 722-23 (E.D.Va. 2003) (stating that the PSLRA does not "contemplate amending complaints, it sets a high standard of pleading which if not met results in mandatory dismissal"). The plain language of the Reform Act does not contemplate amending complaints. In re Champion Enters., Inc. Sec. Litig., 145 F.Supp.2d 871, 873 (E.D. Mich. 2001), aff'd on other grounds sub nom. Miller v. Champion Enters. Inc., 346 F.3d 660 (6th Cir. 2003). This is because "the [PSLRA] could not achieve this purpose . . . to 'provide a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis' if plaintiffs 'were allowed to amend and amend until they got it right." Id. Count three thereby fails.

Plaintiffs next allege breach of fiduciary duty (count 4), and aiding and abetting breach of fiduciary duty (count 6) against Defendant Rodham. As mentioned in the Court's first motion to dismiss order, Virginia law does not recognize a separate tort for aiding and abetting breach of fiduciary duty. As for the breach of fiduciary duty claim, Plaintiffs still lack standing to assert such a claim. Plaintiffs are partners in the Limited Partnership, not in the defendant companies. The Limited Partnership merely loaned proceeds to Greentech. The Complaint does not state allegations that Plaintiffs have an interest in

the defendant companies to create a fiduciary relationship. Plaintiffs' attempt to cure this deficiency in the First Amended Complaint is futile because any alleged injury that was suffered was suffered by the Limited Partnership and not by the Plaintiffs directly.

Count 8, conspiracy to commit fraud and breach fiduciary duties still fails because Plaintiffs do not state cognizable claims for the underlying actions of the conspiracy. Civil conspiracy is not an independent cause of action, but requires an underlying wrong which would be actionable absent the conspiracy. See Nutt v. A.C. & S. Co., Inc., 517 A.2d 690, 694 (Del. Sup. 1986). Because Plaintiffs' claims for fraud and breach of fiduciary duty fails, so too must the claim for conspiracy.

For the accounting claim (count 6), the First Amended Complaint still fails to allege any cognizable right to such an accounting under the Limited Partnership Agreement. Plaintiffs are simply members of a partnership who loaned money to the defendant companies, and the partnership agreement does not expressly provide a right to accounting.

Plaintiffs next allege a claim for unjust enrichment (count 8). Nothing in the First Amended Complaint has cured the fact that the claim seeks recovery for the loss of income to the Limited Partnership. Any recovery to be had would be to the

6

Limited Partnership and not to the individual Plaintiffs. Plaintiffs lack standing to bring suit against Defendants for this claim.

Finally, with respect to the new claim of negligence (count 9), the Court finds that this claim also fails. The basis for this claim is that Mr. Rodham failed in his alleged duty to the Plaintiffs by not recording a lien on Greentech's assets that would have secured the loan made by the Limited Partnership to Greentech, thereby causing A-3 to lose priority in Greentech's bankruptcy. Plaintiffs seek recovery for the loss of income to the Limited Partnership which, as discussed above, Plaintiffs do not have standing to assert a claim against. Moreover, Plaintiffs have not alleged a plausible basis to find that Mr. Rodham owed them, in their individual capacities, a duty to record the lien. Count nine (9) fails.

For the reasons stated, the Court finds that Plaintiffs fail to state a claim on all counts. Accordingly, Defendants' Motions to Dismiss are granted. This case is dismissed. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 5, 2018